## McPHILLIPS v. UNITED STATES.
### No. 790.

United States District Court
S. D. Alabama, S. D.
July 30, 1949.

Marion R. Vickers and J. Edward Thornton, both of Mobile, Alabama, and Lee C. Bradley, Jr., and B. A. Monaghan, both of Birmingham, Alabama, for plaintiff.

Percy C. Fountain, United States Attorney, of Mobile, Alabama, and Courtnay C. Hamilton, Special Assistant to the Attorney General, for defendant.

McDUFFIE, District Judge.

Judgment for plaintiff, $85,862.56, plus interest.

This cause came on to be tried upon the facts by this Court without a jury. Upon consideration of the testimony, the stipulation of the parties, and the exhibits introduced in evidence, and pursuant to Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the Court finds the facts specially and states its conclusions of law thereon with direction for entry of the appropriate judgment as set forth below:

### Findings of Fact.

1. This is a civil action under the Tucker Act, 28 U.S.C.A. § 41(20) [now § 1346 (a) (1)], by Henry Manning McPhillips, a resident of Spring Hill, Mobile County, Alabama, against the United States, for the recovery of $85,862.56, plus interest, representing a portion of the United States income taxes with interest thereon paid for the tax years 1941, 1943, and 1944.

2. Plaintiff's claim is for additional federal income and victory taxes for the years 1941, 1943 and 1944 assessed against and paid by plaintiff by reason of defendant holding that Mrs. Hilda D. McPhillips, wife of plaintiff, (hereinafter referred to as "Mrs. McPhillips") was not a member of the partnership, McPhillips Manufacturing Company, which was created on February 1, 1941. Accordingly all of Mrs. McPhillips' share of the profits of said partnership for each said year was included in plaintiff's income and the assessments and payments as aforesaid and as hereinafter set out, were made, and it is for these payments this action was instituted.

3. McPhillips Manufacturing Company, a corporation (hereinafter referred to as "said corporation"), was organized under the laws of the State of Alabama early in 1920. It originally issued 100 shares of its capital stock, of which 10 shares were issued to Mrs. McPhillips and 70 shares were issued to the plaintiff. Neither the plaintiff nor Mrs. McPhillips at any time paid in to the corporation any cash, services or other property specifically on account of the shares of stock so issued by it to them. The balance of twenty shares were originally issued to a third person who shortly thereafter surrendered the same to the corporation.

4. The said corporation secured funds with which to enter into business by loans obtained from a Mobile bank upon the notes executed by the corporation and endorsed both by plaintiff's father and by the father of Mrs. McPhillips.

5. During the period from 1920 to 1937, Mrs. McPhillips advanced substantial sums to the plaintiff for use in the business then conducted by said corporation. Said advances were made in order to enable the business to surmount serious crises in its affairs, and in large measure were responsible for its survival. Neither of the parties intended the said advances as gifts.

6. During the period from 1920 to 1937, Mrs. McPhillips served as an officer of the said corporation. She participated in discussions had from time to time with the plaintiff relative to the financial needs of the business. Mrs. McPhillips' mother from time to time made cash loans to the corporation, some of which Mrs. McPhillips inherited. Mrs. McPhillips from time to time advised with the plaintiff with respect to other problems of the business. Her encouragement and advice were instrumental in his decision to purchase the present plant site and plant buildings at an auction sale in 1925.

7. In 1935, Mrs. McPhillips advanced to her husband, the plaintiff, a substantial sum to assist him to purchase additional stock from said corporation, at a time when the corporation's need for funds was acute. Neither of the parties intended the said advance as a gift.

8. During the period from 1933 or 1934 to 1936 or 1937, the plaintiff received from Mrs. McPhillips substantial sums for the support of their family. Neither of the parties intended the said advances as gifts.

9. The cash advances made to the plaintiff by Mrs. McPhillips, which are referred

924

to in Findings No. 5, No. 7, and No. 8, above, were not repaid to her prior to January 31, 1941.

10. The said corporation was dissolved in the spring of 1937. Upon its dissolution, there were 200 shares of its stock outstanding, of which 10 shares stood in the name of Mrs. McPhillips, 150 shares stood in the name of the plaintiff, and 40 shares stood in the name of Mrs. McPhillips' brother.

11. Upon the dissolution of the said corporation, it conveyed all its assets, an undivided ⅘ interest therein to the plaintiff, and an undivided ⅕ interest therein to the brother of Mrs. McPhillips. Mrs. McPhillips was not made a partner in the partnership described in Finding 12 in order to avoid subjecting her separate estate to the claims of creditors of the business. She did not abandon her claim against, or interest in, the business or the partners.

12. From the dissolution of the said corporation, in the spring of 1937, to January 31, 1941, the business was conducted as a partnership between the plaintiff and Mrs. McPhillips' brother, whereof the plaintiff's interest was 80%, and the brother's 20%, after partner's salaries. The said partnership hereinafter is referred to as "the 1937 partnership".

13. From time to time, after the dissolution of the corporation, Mrs. McPhillips suggested to the plaintiff that her interest in the business should be recognized in view of the substantial contributions she had made in prior years. The plaintiff did not at any time during that period deny that she was entitled to such an interest. During the period from the spring of 1937 to January 31, 1941, Mrs. McPhillips on at least one occasion made available to the plaintiff a substantial additional sum of money for use in repaying a debt owed by him to a local bank; and the plaintiff did not repay to her that sum prior to January 31, 1941.

14. As a consequence of suggestions made by Mrs. McPhillips to the effect that her interest in the business should be recognized, the plaintiff in the fall of 1940 consulted his attorney with respect to a re-

constitution of the 1937 partnership so as to admit Mrs. McPhillips as a partner. At that time the interests in the 1937 partnership of the plaintiff and of Mrs. McPhillips' brother, respectively, were 80% and 20%, as originally set up in 1937. The attorney accordingly prepared the instruments necessary to vest in Mrs. McPhillips one-half of the plaintiff's 80% interest in the assets and business of the 1937 partnership. These instruments were executed by the plaintiff and delivered to Mrs. McPhillips on January 31, 1941, thereby effectively vesting in her a 40% interest in the said assets and business. At January 31, 1941, and throughout the years involved in this cause, Mrs. McPhillips was possessed of a separate estate apart from her interest in the assets and business so conveyed to her.

15. The plaintiff's attorney advised him to report the transfer of the 40% interest in the business, which is referred to in Finding No. 14, as a gift, and to file with the Treasury Department a gift tax return for that purpose, in order to avoid the necessity for proving the amount of Mrs. McPhillips' contributions and to simplify handling the transfer with the Bureau of Internal Revenue. The plaintiff did file such a gift tax return for the year 1941, reporting the transaction as a gift.

16. On February 1, 1941, the plaintiff, his wife, and her brother, pursuant to written agreement, entered into partnership to engage in the millwork and builders' supply business under the firm name, McPhillips Manufacturing Company. (The said partnership is hereinafter referred to as "the 1941 partnership"). The said partnership agreement recites that Mrs. McPhillips owns a 40% interest in the capital and in the profits and losses of the firm; and it also confers on Mrs. McPhillips full control over her interest in the firm, including among others the rights to withdraw her share of the firm profits, to vote on all matters, and at any time to dissolve the firm. The said partnership agreement specifically exempts Mrs. McPhillips from any obligation to devote any of her time or attention to the business of the firm.

17. A substantial portion of the cash advances made by Mrs. McPhillips in years prior to 1937 was credited, on the books of the said corporation at that time in existence, to the plaintiff's personal account. The credit balance in said personal account of the plaintiff was carried over directly to the capital account of the 1937 partnership. The transfers which are referred to in Finding No. 14 were set up on the books of the business as follows: One-half of the plaintiff's capital account as originally set up on the books of the 1937 partnership, and as thereafter augmented by earnings and profits not withdrawn from the business, was transferred on February 1, 1941, to the capital account of Mrs. McPhillips on the books of the 1941 partnership. Hence the advances made by Mrs. McPhillips prior to 1937 were reflected, at least in part, in the capital account set up in her name on the books of the partnership involved in this case.

18. From and after February 1, 1941, and throughout the years here involved, the 1941 partnership was held out to the public as a partnership of which Mrs. McPhillips was a member, and the accounting records and other original documents of the firm reflect her interest. Mrs. McPhillips' encouragement and support was a factor inducing the plaintiff to enter into the contract with the Maritime Commission.

19. Mrs. McPhillips, during the years here involved, periodically withdrew from the 1941 partnership a substantial portion of her share of its earnings, and she invested a substantial part of the funds so withdrawn in securities standing in her own name. Mrs. McPhillips exercised actual, complete, and unrestricted dominion over her share of the partnership income.

20. At February 1, 1941, and throughout the period here involved, the 1941 partnership owned a tract of land and the several plant buildings located thereon. It owned machinery and equipment of substantial value. From time to time it borrowed substantial sums from local banks for use in its business. In 1941 it employed some 100 persons, and the number of its employees was substantially greater in the later years. Capital was an important income producing factor in said business throughout the years 1920 through 1944, and part thereof was contributed by Mrs. McPhillips.

21. The plaintiff throughout the years here involved drew salaries from the 1941 partnership in the following annual amounts:

| 1941 | (11 mos. ending 12-31-41) | $ 8,250 |
| 1942 | | 33,000 |
| 1943 | | 22,000 |
| 1944 | | 22,000 |

The salaries so paid to plaintiff represented adequate compensation for personal services rendered by him to the 1941 partnership. The earnings and profits of the 1941 partnership were calculated after deduction of the said salaries paid to plaintiff.

22. Mrs. McPhillips, her brother, and the plaintiff, on February 1, 1941, intended to and did join together to conduct the millwork and builders' supply business as a partnership under the name McPhillips Manufacturing Company, having agreed that the capital at that date contributed by each was of such value to the firm that each should participate in the distribution of profits, after partners' salaries, as follows: 40% to Mrs. McPhillips, 20% to her brother, and 40% to the plaintiff.

23. During all the years here involved the plaintiff filed his United States income tax returns on the calendar year and the cash receipts and disbursements basis.

24. All of the income taxes and interest thereon involved in this cause were paid by plaintiff to Henry J. Willingham, then United States Collector of Internal Revenue for the District of Alabama. Said Henry J. Willingham is not now, and was not at the date of commencement of this action, in office as United States Collector of Internal Revenue. The income taxes and interest paid by plaintiff as aforesaid were duly covered into the Treasury of the United States by the said Henry J. Willingham, the then Collector of Internal Revenue for the District of Alabama, as aforesaid.

25. Claims for refund of the income taxes and interest paid thereon, for which this suit is brought, were filed on September 10, 1947, and this action was instituted on July 3, 1948.

26. As a consequence of the disallowance of Mrs. McPhillips as a partner in the 1941 partnership plaintiff was assessed a deficiency for income tax for the calendar year 1941 in the sum of $25,809.26, and Mrs. McPhillips was allowed a correlative over-assessment in the amount of $14,360.-50. Mrs. McPhillips agreed in writing that such refund as might be due her of United States income tax paid for said year 1941 might be credited against plaintiff's deficiency assessed as aforesaid. On August 23, 1946, the plaintiff paid to the then United States Collector of Internal Revenue, Birmingham, Alabama, the aggregate sum of $18,227.05, representing the following items:

| | |
|---|---|
| Deficiency, 1941, assessed | $25,809.26 |
| Less: Mrs. McP. overassessment, credited | 14,360.50 |
| | $11,448.76 |
| Plus interest, 3–15–42 to 8–23–46 | 6,778.29 |
| Total sum paid 8–23–46 | $18,227.05 |

27. The plaintiff filed his United States income and victory tax return for the tax year 1943 on May 13, 1944. The said return showed the plaintiff's aggregate income and victory tax liability for the said year 1943 to be $109,156.08. Prior to March 15, 1944, the plaintiff had paid from time to time installments on his 1943 income tax liability aggregating $101,070.50. On May 13, 1944, with the said return filed on that day for the year 1943, the plaintiff paid the balance of the said income and victory tax due thereon, $8,085.58, together with interest on the delinquent payment in the amount of $77.62.

28. On October 12, 1945, the plaintiff filed an amended income and victory tax return for the year 1943, which amended return showed the plaintiff's aggregate income and victory tax liability for the said year to be $158,177.45. On October 12, 1945, the plaintiff paid the $49,021.37 additional 1943 income and victory tax so shown to be due on said amended return. On November 29, 1945, the plaintiff paid to said Collector of Internal Revenue the sum of $4,629.09 as interest on such additional income and victory tax for said year 1943.

29. During the year 1946 plaintiff agreed to refund to the United States his share of the excessive profits earned by the 1941 partnership for the year 1943, pursuant to the Renegotiation Act, 50 U.S.C.A.Appendix, § 1191, the aggregate amount of $82,-710.10. The aggregate amount of such excessive profits so agreed to be refunded to the United States was reduced, pursuant to Section 3806(b) of the Internal Revenue Code, 26 U.S.C.A. § 3806(b), in the amount of $54,750.67; and said credit, $54,750.67, computed by the defendant as follows:

| | |
|---|---|
| Tax credit under Sec. 3806(b), I.R.C. | $50,121.58 |
| Credit for interest on deficiency, paid November 29, 1945 | 4,629.09 |
| Total credit | $54,750.67 |

30. Thereafter the defendant caused to be made an audit of the plaintiff's 1943 income and victory tax return and determined that plaintiff, by reason of the disallowance of Mrs. McPhillips as a partner owed a deficiency of $112,484.95 on his 1943 income and victory tax. Thereafter defendant caused to be made a second calculation and increased the deficiency by adding thereto said interest payment, $4,-629.09, for which credit had been allowed on renegotiation. As a consequence of these respective determinations, and on April 24, 1947, the defendant assessed against plaintiff, and plaintiff paid to said Collector of Internal Revenue 1943 tax deficiencies aggregating $117,114.04, plus interest thereon in the amount of $19,534.-62. The aggregate tax and interest so assessed and paid, $136,648.66, was paid by the plaintiff as follows: $57,177.70 thereof was paid in cash by the plaintiff to said Collector of Internal Revenue on December 26, 1946; $3,229.72 thereof was paid in cash by the plaintiff to the said Collector of Internal Revenue on May 7, 1947; and, pur-

suant to the written agreement of Mrs. McPhillips that such refunds as might be due her for United States income and victory taxes paid for 1943 might be credited against plaintiff's said deficiency, the balance due by plaintiff pursuant to said assessment, $76,241.17, was covered by a credit of an overassessment allowed to Mrs. McPhillips as a consequence of the defendant's disallowance of her partnership interest. The overpayment of 1943 income and victory taxes made by the plaintiff is computed as follows:

Total 1943 tax and interest paid:

| | |
|---|---:|
| on original return | $109,233.70 |
| on amended return | 53,650.46 |
| on 1947 assessment | 136,648.66 |

| | | |
|---|---:|---:|
| Total sums paid | | $299,532.82 |
| Less: Tax due | $108,055.87 | |
| Renegotiation credit | 54,750.67 | |
| | $162,806.54 | 162,806.54 |
| Less: Overpayment of Mrs. McPhillips tax credit | | 76,241.17 |
| Net refund due plaintiff | | $ 60,485.11 |

31. As a consequence of the determination made as aforesaid that Mrs. McPhillips was not a partner of the said partnership organized February 1, 1941, for Federal income tax purposes, the defendant on April 24, 1947, entered an assessment against plaintiff for a deficiency in income tax due for the calendar year 1944 in the amount of $18,246.60, with interest on such sum in the amount of $1,948.74, a total aggregate assessment of $20,195.34. Pursuant to an agreement in writing by Mrs. McPhillips that such refund as might be due her for 1944 income tax paid by her might be credited against plaintiff's said assessment, the net amount due from plaintiff was reduced by the sum of $12,967.32. On May 7, 1946, plaintiff paid to the said Collector of Internal Revenue the sum of $7,228.02, the balance due under the said assessment entered April 24, 1947.

32. For each of the years here involved, the plaintiff claims the net additional cash paid after credit of the overassessments allowed Mrs. McPhillips.

### Conclusions of Law.

A. This Court has jurisdiction of this cause of action and the parties thereto.

B. Mrs. McPhillips, her brother and plaintiff on February 1, 1941, in good faith and acting with a business purpose intended to and did join together in the conduct of the partnership, McPhillips Manufacturing Company.

C. The interest of Mrs. McPhillips in the partnership organized February 1, 1941, is valid and must be recognized for purposes of United States income and victory tax for the years 1941, 1943 and 1944.

D. The plaintiff is taxable on 40% of the net income of the said 1941 partnership, plus the salaries paid to him by that firm for personal services rendered to it, but he is not taxable on any portion of the 40% share of the profits of the 1941 partnership which is referable to Mrs. McPhillips.

E. The assessment of additional 1941 income taxes and interest thereon made by the defendant against the plaintiff on August 15, 1946, was erroneous. The plaintiff accordingly is entitled to recover of the defendant the sum of $18,227.05, excessive 1941 income taxes and interest paid by him, plus interest thereon from the date of payment of such excess, viz., August 23, 1946.

F. The assessment of additional 1943 income and victory tax, and interest thereon, made by the defendant against the plaintiff on April 24, 1947, was erroneous. The plaintiff accordingly is entitled to recover of the defendant the sum of $57,177.77, with interest on said sum from December 26, 1946, and is further entitled to recover of the defendant the additional sum of $3,229.72, with interest on said sum from May 7, 1947.

G. The assessment of 1944 income tax and interest thereon made by the defendant against the plaintiff on April 24, 1947, was erroneous. The plaintiff accordingly is entitled to recover of the defendant the sum of $7,228.02, excessive 1944 income tax paid by plaintiff, with interest thereon

928

from May 7, 1947, the date of payment thereof.

H. Judgment should be entered for plaintiff in the sum of $85,862.56, plus interest on the respective principal sums and from the respective dates, as set out in Conclusion E., F. and G. above.